AO 432 (Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD

| DATE 2/14/08 | CASE NUMBER 08-36M | OPERATOR Kincaid | | | | PAGE NUMBER |
|---|---|---|---|---|---|---|
| NAME OF WITNESS | | DIRECT | CROSS | ~~REDIRECT~~ | RECROSS | PRESIDING OFFICIAL |
| WPD Officer Stephen Parrot | | 3:17pm | 3:23pm | ended 3:24pm | | |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| Gov't 1 | Copy of Criminal Complaint | No Obj | No Obj |

Case 1:08-mj-00036-UNA   Document 1   Filed 02/11/2008   Page 1 of 4

AO 91 (Rev. 12/93) Criminal Complaint

# In United States District Court
## For the District of Delaware


GOVERNMENT EXHIBIT

UNITED STATES OF AMERICA

v.

IRA BLAND, Defendant

Criminal Complaint

CASE NUMBER: 08- 36M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 9, 2008 in the District of Delaware, Defendant IRA BLAND did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about October 27, 2004 of a crime punishable by imprisonment for a term exceeding one year,

in violation of Title ____18____ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosive and that this complaint is based
                                    Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Jason Kusheba
Special Agent, ATF

Sworn to before me and subscribed in my presence,

February 9, 2008                    at    Wilmington, DE
Date                                      City and State

State of Delaware Justice of Peace Magistrate Judge          _____
Name & Title of Judicial Officer                              Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on February 9, 2008, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officers who have personal knowledge of the stated facts.

4. Your affiant learned that on or about February 9, 2008, at approximately 1445 hours, Wilmington Police Department (WPD) Officers were dispatched to a commercial location located in the city of Wilmington, in relationship to a 911 call that reported an individual, later identified as the defendant, present at that location. It was reported that the defendant had allegedly been involved in a shooting incident in December, 2007. The dispatch also reported the name of the defendant as well as the clothing that he was wearing.

5. On or about the same date, approximately 1450 hrs. WPD Officers arrived at the reported location. They found the reported 911 caller standing next to a car on the driver's side. The driver's side door was open and the caller was pointing inside the car at the defendant, saying he was the one who shot his (the caller's) son.

6. Officers immediately asked the defendant to step out of the car and he complied. For Officer safety reasons, an Officer asked the defendant if he had anything in his possession that could hurt the officers. The defendant replied that he had a gun and made a movement with his left hand toward the left side of his waistband.

7. Officers then prevented the defendant from reaching any further toward where they believed the firearm to be. Officers then conducted a pat-down of the defendant and located a handgun tucked in the left side of his waistband. The gun was tucked in the waistband as though it had been put there by the defendant using his right hand. Officers later determined that the defendant is right-handed.

8. The recovered firearm was determined to be a Hi-Point, model C-9, 9mm pistol, serial number P232975. The firearm was loaded with 11 rounds of 9mm ammunition.

9. On or about the same date, the defendant was taken to the WPD Headquarters for processing. Officers then verbally gave the defendant his Miranda warnings. The defendant acknowledged his rights and agreed to answer questions. The defendant stated that he bought the gun "on the street" for "a couple dollars", meaning approximately two hundred dollars. The defendant also stated that he purchased the firearm for protection.

10. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Conspiracy in the Second Degree from on or about October 27, 2004 in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

11. Your affiant also reviewed the computer criminal history information for the aforementioned firearm in NCIC and learned that it was reported stolen to the Wilmington Department of Police on or about November 20, 2007.

12. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce.

13. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

14. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF


Sworn to and subscribed in my presence
This 9th day of February, 2008

_____
Justice of the Peace Magistrate Judge
State of Delaware